## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GERALD BALL, | : | Civil No. 1:25-CV-01293 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JASON BOHENSKI, *et al.*, | : | |
| | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Robert Gerald Ball ("Petitioner"), an inmate confined at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of his parole by the Pennsylvania Board of Probation and Parole (the "Board"). (Doc. 1.) For the reasons discussed below, the court will dismiss the petition.

### BACKGROUND

Petitioner was sentence to a term of eighteen to forty-eight months of incarceration after pleading guilty to homicide by vehicle. *Commonwealth v. Ball*, No. CP-40-CP-0000926-2022 (Luzerne Cnty. Ct. Com. Pl.). (Doc. 1.) Petitioner is currently serving his term of imprisonment at SCI-Dallas.

On August 7, 2023, Petitioner completed the Four Month L Block Therapeutic Community program. (Doc. 1-1, p. 11.) [1]

On August 28, 2023, Petitioner's parole was denied for the following reasons: (1) need to participate in and complete additional institutional programs; (2) risk and needs assessment indicating his level of risk to the community; (3) prior unsatisfactory supervision history; (4) reports evaluations and assessments indicate a risk to the community; (5) failure to demonstrate motivation for success; minimization/denial of then nature and circumstances of the offense committed; (6) refusal to accept responsibility for the offense committed; (7) lack of remorse for the offense committed; and (8) nature of the crime. (*Id*, p. 6.)

On April 10, 2024, Petitioner completed the Money Smart program. (*Id*., p. 10.) In June of 2024, Petitioner completed the Pathway to Success program. (*Id*., p. 9.)

On September 30, 2024, Petitioner's parole was denied for the following reasons: (1) risk and needs assessment indicating his level of risk to the community; (2) reports, evaluations, and assessments indicates he is a risk to the community; (3) failure to demonstrate motivation for success; minimization/denial of the nature and circumstances of the offense committed; (4) refusal to accept

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

responsibility for the offense committed; and (5) lack of remorse for the offense
committed. (*Id.*, p. 4.)

On October 17, 2024, Petitioner received the Commonwealth Secondary
School Diploma. (*Id.*, p. 12.)

On June 18, 2025, Petitioner's parole was denied for the following reasons:
(1) negative recommendation made by the Department of Corrections; (2) prior
unsatisfactory supervision history; (3) reports, evaluations, and assessments
indicates he is a risk to the community; (4) failure to demonstrate motivation for
success; (5) minimization/denial of the nature and circumstances of the offense
committed; (6) refusal to accept responsibility for the offense committed; (7) lack
of remorse for the offense committed; (8) lack of insight into criminal history; and
(9) lack of viable plan for sobriety (start going to meetings inside). (*Id.*, p. 2.)

On June 30, 2025, the court received and docketed a petition pursuant to 28
U.S.C. § 2254 challenging the Board's decision denying Petitioner's parole. (Doc.
1.) Specifically, Petitioner alleges that the denial was malicious because he had
completed all the programing prescribed to him and his parole was stilled denied.
(*Id.*, p. 8.)

## VENUE

Under 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus under
Section 2254 can be filed in either the district where the petitioner is in custody, or

in the district where the petitioner was convicted and sentenced.  28 U.S.C. §

2241(d).  Petitioner is in custody in at SCI-Dallas located in Luzerne County,

Pennsylvania, which is located in this district.  *See* 28 U.S.C. § 118(b).  Therefore,

venue in this district is proper.

## DISCUSSION

This matter is before the court for screening pursuant to 28 U.S.C. § 2243.

The petition has been given preliminary consideration pursuant to Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts, 28

U.S.C. § 2254.  Rule 4 may be applied at the discretion of the district court as it is

the duty of the court to screen out frivolous applications and eliminate the burden

that would be placed on the respondent by ordering an unnecessary answer.  *Allen*

*v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).  Here, the court finds that the petition

lacks merit and it will dismiss the petition without prejudice.

The Fourteenth Amendment provides that no state shall "deprive any person

of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV

§ 1.  It is well-settled that "there is no constitutional or inherent right of a convicted

person to be conditionally released before the expiration of a valid sentence," nor

has the Commonwealth of Pennsylvania created such a right.  *Greenholtz v.*

*Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Burkett v.*

*Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the

Pennsylvania parole statute does not create a liberty interest in the right to be paroled); *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").

The role of a federal court is confined to reviewing the substance of the state parole decision to determine whether the Board exercised its authority in an arbitrary and capricious, or constitutionally impermissible manner. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). In order to show a violation of substantive due process, the petitioner must demonstrate that: (1) he was arbitrarily denied parole on the basis of impermissible reasons such as race, religion, or political beliefs; or (2) the Board failed to apply appropriate, rational criteria in reaching its determination. *Block*, 631 F.2d at 236. "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487. The Third Circuit has held that the "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 247 (3d Cir. 2002) (citation

omitted).  In determining whether a state court decision was based on an

unreasonable determination of the facts:

> federal court review considers only whether the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  The statute directs the federal court to *presume* that all determinations of fact made by the state court are correct and requires that the petitioner present "clear and convincing evidence" to rebut this presumption.

*Id*. at 245–46.

Under 61 Pa. C.S. § 6135, the Board must evaluate, among other factors: (1)

the nature and circumstances of the offense; (2) any recommendations made by the

trial judge and prosecuting attorney; (3) the general character and background of

the inmate; (4) the notes of testimony of the sentencing hearing, if any, together

with such additional information regarding the nature and circumstances of the

offense committed for which sentence was imposed; and, (5) the conduct of the

person while in prison and his physical, mental and behavioral condition and

history and his complete criminal record.  61 Pa. C.S. § 6135(a).

Petitioner has not established that the June 18, 2025 denial of parole

amounted to an unreasonable exercise of the Board's discretion.  Petitioner alleges

that "the Pennsylvania Board of Probation and Parole continuously, egregiously, &

frivolously are denying parole for arbitrary and capricious reasons."  (Doc. 1, p. 2.)

He alleges that despite completing all the programming prescribed to him, he is

continued to be denied parole. (*Id*., pp. 2, 8.) He alleges that the factors relied on by the Board "bear no rational relationship to rehabilitation or deterrence, which is abuse of their discretion." (*Id*., p. 3.) He alleges that "a jury would agree that denying parole after this plaintiff has completed all programming is egregious, conscience shocking and a waste of taxpayer's money." (*Id*.)

However, a review of the rationale the Board provided for denying parole demonstrates that they considered the factors set forth in 61 Pa. C.S. § 6135. While the 2023 denial discusses the need to participate in and complete additional institutional programs, the three denials consistently allege that Petitioner is a risk to the community, state that Petitioner has not taken responsibility for the offense committed and reference an unsatisfactory supervision history. (Doc. 1-1.) It appears that by 2024, Petitioner had completed the required programming, as it was not listed as a reason for denying parole. (*Id*., p. 4.) However, despite Petitioner completing the recommended programming, the Board identified other reasons for denying parole.

Petitioner's generalized argument that he did what was asked and his parole continues to be denied does not demonstrate an abuse of discretion by the Board. The need for additional programming was only one of several reasons stated in the initial denial. The fact that Petitioner has not resolved the remaining reasons that have consistently appeared on his denial letters demonstrates that he merely

disagrees with the Board's determination, not that the Board is abusing its discretion.  Therefore, his petition will be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the disposition of this case debatable. Accordingly, no COA will be issued.

## CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be dismissed.  A

certificate of appealability shall not issue.  An appropriate order will be entered.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 12, 2025